# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISON

| | |
|---|---|
| INTERNAL REVENUE SERVICE, | ) CASE NO. 1:25-mc-00049-DAR |
| | ) |
| Plaintiff, | ) JUDGE DAVID A. RUIZ |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) REUBEN J. SHEPERD |
| PNC BANK, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Defendant. | ) |

## I.      Introduction

Before the Court is Movant Jerry Kimble Williams, Jr.'s ("Dr. Kimball") Motion/Petition to Quash Summons Issued to PNC Bank. (ECF Doc. 1). The docket reveals that return of service of PNC Bank was docketed December 8, 2025 (ECF Doc. 6) and return of service of the IRS was docketed January 5, 2026 (ECF Doc. 7). Neither PNC Bank nor the IRS has made an appearance in the case or have otherwise responded the Dr. Kimball's Motion. For the reasons that follow, I recommend that the Motion be dismissed.

## II.     Discussion

As an initial matter, I note that a proceeding to quash an IRS administrative summons is a civil suit against the United States. *See Clay v. United States*, 199 F.3d 876, 879 (6th Cir. 1999). "[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the

1

terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."
*United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). If no consent to be sued or waiver of sovereign immunity is identified the claim must be dismissed on jurisdictional grounds. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).

Defining the issue before the Court, in its efforts to pursue unpaid taxes and the people who owe them, "Congress has granted the [IRS] broad latitude to issue summonses." *United States v. Clarke*, 573 U.S. 248, 250 (2014). The IRS may issue a summons to "determin[e] the liability" of a taxpayer or "any transferee or fiduciary" for unpaid taxes. 26 U.S.C. § 7602(a). It may also serve a summons to "collec[t] any such liability." *Id.* Through these summonses, the IRS may request the production of "books, papers, records, or other data" from "any person" who possesses information concerning a delinquent taxpayer. 26 U.S.C. § 7602(a)(2).

Congress imposed certain safeguards given the breadth of this power. For instance, the IRS must *generally* give "notice of the summons" to "any person  . . . identified in the summons." 26 U.S.C. § 7609(a)(1). Anyone entitled to notice can bring a motion to quash the summons. 26 U.S.C. § 7609(b)(2)(A). And the Internal Revenue Code provides district courts with "jurisdiction to hear and determine any proceeding" concerning a motion to quash, 26 U.S.C. § 7609(h)(1), thereby waiving the sovereign immunity of the United States. *See FAA v. Cooper*, 566 U.S. 284, 290 (2012).

However, there are exceptions to the notice requirement. For example, the IRS need not provide notice to a person "who is identified in the summons," 26 U.S.C. § 7609(a)(1), if the summons is:

issued in aid of the collection of—

> (i) an assessment made or judgment rendered against the person with respect to whose liability the summons is issued; or

> (ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i) . . .

26 U.S.C. § 7609(c)(2)(D).

"In other words, the IRS may issue summonses both to determine whether a taxpayer owes money and later to collect any outstanding liability." *Polselli v. Internal Revenue Service*, 598 U.S. 432, 435 (2023). "When the IRS conducts an investigation for the purpose of 'determining the liability' of a taxpayer, § 7602(a), it must provide notice, § 7609(a)(1)." *Id.* "But once the Service has reached the stage of 'collecting any such liability,' § 7602(a)—which is a distinct activity—notice *may not be* required, § 7609(c)(2)(D)." *Id.* (emphasis added). Where no notice is required, the government has not waived sovereign immunity under the code, and this Court lacks jurisdiction to consider the motion to quash.

> The statute sets forth three conditions to exempt the IRS from providing notice in circumstances like these. First, a summons must be "issued in aid of . . . collection." § 7609(c)(2)(D). Second, it must aid the collection of "an assessment made or judgment rendered." § 7609(c)(2)(D)(i). By "assessment," the Code "refers to the official recording of a taxpayer's liability." *Direct Marketing Assn. v. Brohl*, 575 U.S. 1, 9, 135 S.Ct. 1124, 191 L.Ed.2d 97 (2015); see also *Hibbs v. Winn*, 542 U.S. 88, 100, 124 S.Ct. 2276, 159 L.Ed.2d 172 (2004). Section 7609(c)(2)(D)(i) does not excuse notice, therefore, until the IRS makes an official assessment or a judgment has been rendered with respect to a taxpayer's liability. Third, a summons must aid the collection of assessments or judgments "against the person with respect to whose liability the summons is issued." § 7609(c)(2)(D)(i).

*Polselli* at 438.

Here, Dr. Kimball states in the Motion that the IRS "levied a $38 million dollar [sic] levy against him . . . ." (ECF Doc. 1, ¶ 7). He goes on to explain that "the levy was released after members of a U.S. Congressional Sub-Committee intervened on his behalf." (*Id.* at ¶ 9). Dr.

3

Kimball claims that "[t]he IRS, in an email dated July 23, 2025, before the Summons, agreed that the enforcement actions would be stayed until the [Collection Appeal Program] hearing was resolved."[1] (*Id.* at ¶ 12). However, Dr. Kimball asserts that "[t]he IRS has breached its agreement not to pursue collection actions until the [Collection Appeal Program] is resolved." (*Id.* at ¶ 15). Dr. Kimball concludes that "[t]he Summons to PNC Bank should be quashed due to the actions of the IRS . . . . The IRS has clearly breached its agreement not to pursue action against Dr. Williams while pending the resolution of the [Collection Appeal Program] action." (*Id.* at ¶ 16).

Dr. Kimball's own averments in the Motion lead the Court to believe that the summons issued to PNC Bank was in aid of collecting a tax debt pursuant to an assessment made or judgment rendered. Dr. Kimball asserts that a $38 million tax debt was *levied* against him. (*Id.* at ¶ 7). While he mentions at one point that the levy was "released" (*id.* at ¶ 9) while he participated in the Collection Appeal Program (*id.* at ¶¶ 11-13), he also states that the summons at issue should be quashed because the "IRS breached its agreement not to *pursue collection actions* until the [Collection Appeal Program] hearing is resolved" (*id.* at ¶¶ 15-16 (emphasis added)).

Accordingly, because it appears that the summons issued to PNC bank was in aid of collection of a tax debt, the IRS was not required to provide Dr. Kimball notice of the summons. Where no notice is required, the government has not waived sovereign immunity under the Code and this court is without jurisdiction to quash. I therefore recommend that the Motion be dismissed for lack of jurisdiction.

---

[1] According to Dr. Kimball, a Collection Appeal Program is a program that allows taxpayers to appeal IRS collection actions. (ECF Doc. 1, ¶ 11).

Dated: April 30, 2026

Reuben J. Sheperd
United States Magistrate Judge

---

**OBJECTIONS**
**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, \*2 (W.D. Ky. June 15, 2018) quoting *Howard*. The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).

5